BELL v. COMMONWEALTH TITLE INS. & TRUST CO.

(Circuit Court of Appeals, Third Circuit. September 27, 1901.)

No. 31.

RECORDS OF FEDERAL COURTS—JUDGMENT INDICES—RIGHT OF INSPECTION.
    Under Act Aug. 1, 1888 (25 Stat. 357), which makes judgments and decrees rendered in the circuit and district courts of the United States liens on property the same as like judgments and decrees of the courts of the state in which they are rendered, and requires the clerks of such courts to prepare and keep in their offices indices and cross indices of the judgment records, which "indices and records shall at all times be open to the inspection and examination of the public," a corporation engaged in insuring titles is entitled to inspect the indices so kept in relation to transactions which are at the time depending, under proper regulations and restrictions.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

W. M. Stewart, Jr., and James B. Holland, for appellant.
John G. Johnson, for appellee.

Before ACHESON and GRAY, Circuit Judges, and BUFFINGTON, District Judge.

ACHESON, Circuit Judge. This is an appeal by Samuel Bell, clerk of the circuit court of the United States for the Eastern district of Pennsylvania, the respondent below, from a decree of that court (105 Fed. 548), of which the following is a copy:

"And now, this 16th day of January, 1901, this case having come on to be heard upon pleadings and proofs, and having been argued by counsel, it is ordered, decreed, and adjudged that the respondent shall permit the properly authorized representatives of the complainant to inspect and examine the judgment indices and cross indices kept by the respondent, as clerk of the circuit court of the United States for the Eastern district of Pennsylvania, in such way and manner as will enable the complainant to prosecute its business as insurer of titles; but subject to the following restrictions: (1) The inspection and examination must in each instance relate and be confined to a transaction or transactions which at the time being shall be current or depending; and (2) such inspection and examination shall be made only at such times and under such circumstances as will not interfere with the respondent or his assistants in the discharge of their duties, or with the exercise of the right of other persons to have access to said indices and cross indices."

The Commonwealth Title Insurance & Trust Company, the complainant below (here the appellee), is lawfully engaged in the business of insuring titles to real estate, in making searches for liens and incumbrances against the same, in giving certificates as to the condition of such real estate as regards the existence of liens against the same, and in doing, on behalf of persons contemplating purchases

of real estate, all that is necessary in the way of examination of the titles thereof and for liens and incumbrances against the same. Section 828 of the United States Revised Statutes provides:

"All books in the office of the clerks of the circuit and district courts, containing the docket or minute of the judgments, or decrees thereof, shall, during office hours, be open to the inspection of any person desiring to examine the same, without any fees or charge therefor."

The act of congress of August 1, 1888 (25 Stat. 357; 1 Supp. Rev. St. [2d Ed.] p. 602), after enacting that judgments and decrees rendered in a circuit or district court of the United States within any state shall be liens on property throughout such state in the same manner and to the same extent and under the same conditions as if they had been rendered by a court of general jurisdiction of such state, provides thus:

"Sec. 2. That the clerks of the several courts of the United States shall prepare and keep in their respective offices complete and convenient indices and cross-indices of the judgment records of said courts, and such indices and records shall at all times be open to the inspection and examination of the public."

This legislation, we think, was a complete warrant for the measure of relief accorded to the complainant below. We do not regard it as at all material that the words "without any fees or charges therefor" are not repeated in the act of 1888. The two cited·enactments relate to the same general subject-matter, and are to be read together. Besides, the language "such indices and records shall at all times be open to the inspection and examination of the public" clearly implies free access for the purpose stated. The reason is obvious, for by the first section of the act of 1888 judgments and decrees rendered by a circuit or district court of the United States within any state are made liens on property throughout the state in the same manner, and to the same extent, and under the same conditions as if rendered by a court of general jurisdiction of the state. Under this act, and within its limitations, every judgment ·or money decree rendered in a circuit or district court of the United States within the state of Pennsylvania is a lien upon the real estate of the defendant in such judgment or decree, and every one purchasing real estate which might be affected by the act of congress for his protection must examine or cause to be examined the indices and cross indices required by the act to be kept by the clerk of the court. Undoubtedly the right of inspection and examination of these indices is given to such purchasers by the statute. The purchaser or intending purchaser of real estate, however, is not bound to exercise this right personally, but may do so by an agent, or through a skilled person, or an experienced company, such as an attorney at law or a title insurance company. In the present case the decree secures the right of inspection and examination to a title insurance company in the prosecution of a legitimate business, and when acting in the interest of its customers. We cannot doubt that under the act of congress these indices and cross indices are open for inspection and examination to this title insurance company as part of the public.

The decree of the court below, it will be perceived, is very guarded

in its terms. Under it the title insurance company, the appellee, has no general access to the judgment indices and cross indices, but simply the right of inspection and examination in a particular transaction or transactions at the time current or depending; and this restricted right is to be so exercised as not to interfere with the clerk or his assistants in the discharge of their duties, or with the right of other persons to have access to the indices. The right of inspection and examination of the judgment indices expressly conferred by the act of congress is not to be denied because its exercise may diminish the income of the clerk's office. No one who is entitled by law to inspect and examine these indices is to be compelled to order, and pay office fees for, certificates of search. If the revenue of the office is insufficient, the remedy is with congress. No good reason for disturbing the decree of the circuit court has been shown to us.

The decree is affirmed.